IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TANYA ANDREWS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:23-cv-415-TFM-N |
| | ) |
| RELIANCE STANDARD LIFE | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION AND ORDER

On July 23, 2024, the Magistrate Judge entered a report and recommendation which recommends both Plaintiff's "Motion for Partial Summary Judgment Establishing the Applicability of a *De Novo* Standard of Review" (Doc. 16) and Defendant's "Brief on the Applicable ERISA Standard of Review (Doc. 19), construed as a cross-motion for partial summary judgment be denied without prejudice as premature. *See* Doc. 23. Defendant timely filed objections on August 6, 2024. *See* Doc. 24. Plaintiff timely filed her response to the objections on August 20, 2024. Both sides submitted as exhibits an extensive record as part of their filings. Defendant them submitted its reply on August 24, 2024 (Doc. 28), followed by Plaintiff submitting two notices of supplemental authority (Docs. 29, 30) and ending with Defendant's response to the most recent notice (Doc. 31). The Court has reviewed the record, motions, briefing, report and recommendation (R&R), and post-R&R submissions.

The Court finds the Report and Recommendation's citation to *Melich v. Life Ins. Co. of N. Am.*, 739 F.3d 663, 672 (11th Cir. 2014) to be directly on point. *See* Doc. 23 at 9.

> As a matter of common sense, we cannot evaluate [a Plan administrator's] ultimate decision to deny [a benefits] claim without first considering whether the record [the plan administrator] had before it was complete. *See Jett v. Blue Cross & Blue*

*Shield of Ala., Inc.*, 890 F.2d 1137, 1140 (11th Cir. 1989) (explaining that courts should not make benefit-eligibility determinations under ERISA plans based on evidence that the administrator did not consider). This inquiry is not as much a *Williams* "step zero" as it is a predicate to our ability to review the substantive decision we have been asked to review. *Cf. Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (explaining that when reviewing executive agencies' decisions, "if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation") (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 1607, 84 L. Ed. 2d 643 (1985))). Thus, before deciding whether [a Plan Administrator] was correct when it denied [a] claim for benefits under the Policy, we must first determine whether [the Plan Administrator] should have considered the information contained in her SSA file.

*Id.* at 672.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED**. Accordingly, both Plaintiff's "Motion for Partial Summary Judgment Establishing the Applicability of a De Novo Standard of Review" (Doc. 16) and Defendant's "Brief on the Applicable ERISA Standard of Review" (Doc. 19), construed as a cross-motion for partial summary judgment, are **DENIED without prejudice as premature**.

The parties are **DIRECTED** to meet and file an updated report pursuant to Fed. R. Civ. P. 26(f) as soon a practicable but no later than **January 31, 2025** and the Magistrate Judge shall enter a Scheduling Order.

**DONE** and **ORDERED** this 14th day of January, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE